10-2642-ag
Jiang v. Holder

BIA
Lamb, IJ
A094 041 765

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand eleven.

PRESENT:
        JOSÉ A. CABRANES,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges.*

_____

MING ZHAO JIANG,
        *Petitioner,*

        v.                                    10-2642-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Jan Potemkin, New York, New York.

FOR RESPONDENTS:       Tony West, Assistant Attorney
                       General; Michelle Gorden Latour,
                       Assistant Director; Tracie N. Jones,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ming Zhao Jiang, a native and citizen of the People's Republic of China, seeks review of a June 7, 2010, order of the BIA, affirming the June 17, 2008, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Zhao Jiang*, No. A094 041 765 (B.I.A. June 7, 2010), *aff'g* No. A094 041 765 (Immig. Ct. N.Y. City June 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Jiang's asylum claim was based primarily on his wife's forced abortion. We have specifically held that a woman's forced abortion under the Chinese family planning policy

2

does not qualify as *per se* persecution with respect to her spouse. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007). Accordingly, the agency did not err in finding that Lin was not eligible for relief on this basis. *See id*.

While a spouse's forced abortion is not *per se* persecution, applicants may base their claims on "persecution that they themselves have suffered or must suffer" on account of their "other resistance" to a coercive family planning policy. *See id.; see also* 8 U.S.C. § 1101(a)(42). Jiang argues that he resisted the family planning policy by "assisting" in the removal of his wife's intra-uterine device ("IUD"). The BIA has held that a female asylum applicant's removal of an IUD may constitute other resistance to the Chinese family planning policy. *See Matter of M-F-W-*, 24 I. & N. Dec. 633, 638 (B.I.A. 2008), *aff'd in part, rev'd in part sub nom. Mei Fun Wong v. Holder*, 633 F.3d 64 (2d Cir. 2011). Here, however, it is unclear whether the removal of Jiang's wife's IUD can be deemed "other resistance" on his part. Through counsel, Jiang argued before the IJ that he resisted the family planning policy because he "decided," with his wife, to have

3

the IUD removed.  Jiang did not testify to any action he took to assist in the removal of the IUD.  Instead, he testified that he personally never encountered the family planning officials or discussed the family planning policy with them.  Accordingly, on this record, substantial evidence supports the agency's conclusion that Jiang did not demonstrate that he engaged in "other resistance" to the family planning policy.  *Shi Liang Lin*, 494 F.3d at 313.

Moreover, even if Jiang's assistance in the removal of his wife's IUD might be characterized as "other resistance," he was also required to show that he suffered persecution in the past or had a fear of future persecution on account of that resistance.  *See id*.  However, the BIA did not err in concluding that Jiang's claimed fear of future persecution was not objectively reasonable, given that he testified that he was not harmed in the past and did not show or allege that he was sought by Chinese officials due to his alleged resistance.  *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 399 (2d Cir. 2005); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  Accordingly, the agency did not err in denying Jiang asylum, withholding of removal, and CAT relief, as all three claims shared the same factual

4

predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (CAT).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk